IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02300-WYD-PAC

SHANE BURDEN,

    Plaintiff,

v.

ROBERT WOOD (20883), Police officer Westminster P.D., acting in his official capacity,

    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Patricia A. Coan, United States Magistrate Judge**

This matter is before me on defendant's Motion for Summary Judgment, filed July 15, 2005 [doc. # 59]. Plaintiff was ordered to respond to the motion on or before September, 2005, and failed to file any response. Oral argument is not necessary. For the reasons set forth below, I recommend the defendant's Motion for Summary Judgment be granted and judgment be entered in favor of defendant on all claims in plaintiff's complaint.

*I. Background*

Plaintiff filed his *pro se* complaint on November 5, 2004, while incarcerated at the Adams County Detention Facility. Defendant filed his answer on February 8, 2005. A

1

*Martinez*[1] report was filed by defendant on May 16, 2005.  After some difficulties in obtaining discovery, defendant filed a motion to compel discovery on July 13, which was set for hearing on August 23, 2005.  Plaintiff did not appear at the hearing, and mail from the court was returned as undeliverable on July 27, and August 3, 2005.  On August 23, 2005, I granted the defendant's motion to compel and ordered plaintiff to file the discovery responses, but that order was also returned as undeliverable on August 31, 2005.  Plaintiff has not notified the court of any change in his address.

The claims in plaintiff's complaint stem from plaintiff's arrest by defendant, which took place on June 23, 2004.  Plaintiff's complaint sets forth very few facts to support his claims. According to the *Martinez* report at 2, defendant Detective Wood was driving his unmarked vehicle through the parking lot of a Westminster apartment complex, when he observed the plaintiff running (without a shirt) through the lot and then hiding behind a fence.  Wood approached plaintiff, identifying himself as a police officer, and then observed that plaintiff was holding a bag of white powdery substance which plaintiff identified as "speed."  Wood requested assistance and Westminster Police Officer Howarth arrived.  Both officers Wood and Howarth attempted, with resistance from plaintiff, to place handcuffs on him.  At the same time, two other Westminster officers, Hempelmann and Cressman, were investigating a citizen-witness report of a one-car accident in which the male driver of a pickup truck jumped and ran from his vehicle after driving it over the curb. The Martinez report at 4 states that the citizen-witness identified plaintiff as the driver of the pickup truck.  Plaintiff was taken to the Westminster Police

---

[1] Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978).

2

Department for booking by Officer Howarth, assisted by Hempelmann and Cressman. Plaintiff was taken after booking to St. Anthony's North Hospital because Wood and Howarth suspected that plaintiff had ingested the white powdery substance he had previously identified as "speed." According to the *Martinez* report at 4-5, plaintiff did not report any physical injuries to either the staff at St. Anthony's Hospital or to the personnel at the Adams County Detention Center, to where he was taken after the hospital visit.

The facts and circumstances vaguely described in plaintiff's complaint are quite different from those contained in the *Martinez* report submitted by defendant May 16, 2005. In his complaint, plaintiff asserts three separate claims for: (1) police brutality; (2) "matlic assualt," which I will construe as a claim for excessive force in violation of the Fourth Amendment within the first claim; and (3) abuse of authority, which I will construe as a claim for false arrest. In his complaint, plaintiff seeks damages for permanent facial scarring, a broken tooth, migraine headaches and mental anguish.

*II. Defendant's Motion for Summary Judgment*

The purpose of summary judgment is to determine whether trial is necessary. *White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When applying this standard, the court reviews the pleadings and documentary evidence in the light most favorable to the nonmoving party. *Gray v. Phillips Petroleum*, 858 F.2d 610, 613 (10th Cir. 1988).

Plaintiff is proceeding *pro se,* so I construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleadings if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.*

Defendant moves for summary judgment on two grounds: plaintiff's false arrest (abuse of authority) claim fails under *Heck v. Humphrey*; and Detective Wood is entitled to qualified immunity on all claims. The defendant's brief in support of the motion contains several pages of factual support, including exhibits. Plaintiff has failed to respond in any way to the motion for summary judgment.

A. *Heck v. Humphrey*

Defendant argues here that plaintiff's claims for damages arising out of his false arrest cannot be pursued in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . ." or otherwise called into question by some other tribunal. 512 U.S. at 486-87. In his motion for summary judgment, defendant offers deposition testimony of plaintiff that plaintiff was convicted of obstructing a police officer in relation to the course of events described in plaintiff's complaint and in the *Martinez* report. Deposition of Shane Burden at 118, ll. 9-25

(exhibit A to Defendant's Brief in Support of Summary Judgment). Plaintiff has not alleged or attempted to show that his claims may be pursued despite *Heck v. Humphrey*. Plaintiff has failed to rebut defendant's showing that he is entitled to summary judgment on this ground. *Heck v. Humphrey* bars consideration of plaintiff's claims in this case, and I conclude that plaintiff's claims cannot go forward. I recommend that defendant's motion for summary judgment be granted on this ground.

### *B. Qualified Immunity*

Qualified immunity shields public officials from civil damages liability if their actions did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990). After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff. *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000). When faced with a qualified immunity defense, the plaintiff must establish "(1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Greene v. Barrett*, 174 F.3d 1136, 1142 (10th Cir. 1999). Plaintiff has made no attempt to meet his burden of showing that the conduct he complains of in his complaint violated constitutional or statutory rights. Because plaintiff does not make the required showing of violation of a constitutional or statutory right, I need not consider whether the right he alleges was clearly established at the time of the defendant's actions. *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995). Plaintiff has failed to meet his

Case 1:04-cv-02300-WYD-PAC   Document 74   Filed 09/30/05   USDC Colorado   Page 6 of 7

burden and defendant is entitled to qualified immunity as a matter of law on all claims against him. I recommend that defendant's Motion for Summary Judgment be granted on the ground of qualified immunity.

*III. Recommendation*

For the reasons set forth above, it is

**RECOMMENDED** that:

defendant's Motion for Summary Judgment [doc. # 59] be **GRANTED** and that judgment enter in favor of defendant on all claims in plaintiff's complaint.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 30th day of September, 2005.

                                BY THE COURT:

                                s/ Patricia A. Coan
                                PATRICIA A. COAN
                                United States Magistrate Judge